**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LISA PINEDA, individually, and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> AETNA BETTER HEALTH OF ILLINOIS INC., <br><br> Defendant. | Case No. 1:21-cv-00462 |

**CLASS ACTION COMPLAINT**

**NOW COMES** LISA PINEDA, individually, and on behalf of all others similarly situated, through her undersigned counsel, complaining of Defendant, AETNA BETTER HEALTH OF ILLINOIS INC., as follows:

**NATURE OF THE ACTION**

1. This is an action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

2. "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.,* 896 F.3d 728, 738-39 (6th Cir. 2018) *citing* Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

3. As the Supreme Court recently observed, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

1

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

6. LISA PINEDA ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Illinois.

7. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

8. AETNA BETTER HEALTH OF ILLINOIS INC. ("Defendant") is a corporation organized and existing under the laws of Illinois.

9. Defendant maintains its headquarters and principal place of business in Chicago, Illinois.

10. Defendant is a prominent health insurance provider that provides health insurance to consumers in Illinois.

11. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

12. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 6379.

13. At all times relevant, Plaintiff's number ending in 6379 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

14. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

15. At no point in time did Plaintiff have an account or any other form of business relationship with Defendant.

16. On December 21, 2020, Plaintiff received a text message from Defendant. The text message depicted as follows:



17. Plaintiff was perplexed by the text message as Defendant was not Plaintiff's health insurance provider.

18. On December 23, 2020 and December 28, 2020, Defendant sent Plaintiff additional text messages, including a text message that stated: "Did you know you can still get free rides to and from doctor visits with Aetna Better Health of Illinois?"

19. On December 28, 2020, frustrated with Defendant's text messages, Plaintiff responded "Stop."

20. Defendant replied with the following text message: "Messages about Branding have been stopped. Other important health and benefit messages still may be sent."

21. Despite Plaintiff's unambiguous request that Defendant cease its text messages, Defendant continued sending unwanted text messages to Plaintiff.

22. Specifically, on January 14, 2021, Plaintiff received another generic text message from Defendant.

23. Plaintiff has never provided her phone number to Defendant or otherwise consented to receiving text messages form Defendant.

3

## DAMAGES

24. Plaintiff significantly values her privacy and solitude.

25. In light of the fact that Plaintiff has no business relationship with Defendant, Defendant's text messages were highly intrusive and were a nuisance.

26. Moreover, Defendant's text messages were especially troubling considering they continued after Plaintiff requested that the text messages cease.

27. Defendant's text messages invaded Plaintiff's privacy and have caused Plaintiff actual harm, including but not limited to, aggravation that accompanies unsolicited phone calls/text messages, increased risk of personal injury resulting from the distraction caused by the text messages, wear and tear to Plaintiff's cellular phone, loss of battery charge, loss of concentration, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

28. Concerned with Defendant's invasive practices, Defendant retained counsel to compel Defendant to cease its unlawful conduct.

## CLASS ALLEGATIONS

29. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

30. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

### TCPA Class

All persons residing in the State of Illinois: (a) whom do not have an existing health insurance account with Defendant; (b) to whom Defendant or a third party acting on Defendant's behalf, placed a text message to his/her cellular phone number; (c) using an automatic telephone dialing system; (d) without his/her consent; (e) at any

time in the period that begins four years before the date of the filing of the original complaint through the date of class certification.

31. The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

**A.  Numerosity**

32. Upon information and belief, the members of the Putative Class are so numerous that joinder of them is impracticable.

33. The exact number of the members of the Putative Class is unknown to Plaintiff at this time, and can only be determined through targeted discovery.

34. The members of the Putative Class are ascertainable because the Class is defined by reference to objective criteria.

35. The members of the Putative Class are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Defendant.

**B.  Commonality and Predominance**

36. There are many questions of law and fact common to the claims of Plaintiff and the Putative Class.

37. Those questions predominate over any questions that may affect individual members of the Putative Class.

**C.     Typicality**

38. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as a result of Defendant's conduct.

**D.     Superiority and Manageability**

39. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

40. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

41. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

42. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

**E.     Adequate Representation**

43. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

44. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

## **CLAIMS FOR RELIEF**

### **COUNT I:**
### Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)
### (On behalf of Plaintiff and the Members of the TCPA Class)

45. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

46. The TCPA prohibits text messages to a cellular phone using an automatic telephone system ("ATDS") without the consent of the recipient. 47 U.S.C. §227(b)(1)(A).

47. The TCPA defines ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

48. Upon information and belief, based on the generic non-personal nature of Defendant's text messages, Defendant used an ATDS to place text messages to Plaintiff's cellular phone number.

49. Upon information and belief, based on the fact that Plaintiff has no existing business relationship with Defendant, Defendant used a random or sequential number generator to generate Plaintiff's number and send the promotional text messages referenced above.

50. In the alternative, the system used by Defendant to send the text messages has the *capacity* to randomly or sequentially generate numbers and dial those numbers.

51. Defendant violated the TCPA by placing multiple text messages to Plaintiff's cellular telephone, utilizing an ATDS, without Plaintiff's consent. *See* 47 U.S.C. § 227 (b)(1)(A)(iii).

52. As pled above, Plaintiff does not have an existing business relationship with Defendant, and thus never consented to receive any text messages from Defendant.

53. Moreover, Plaintiff requested that Defendant cease its text messages, therefore revoking any prior consent that Defendant may have believed it had.

54. As pled above, Plaintiff was harmed by Defendant's text messages to her cellular phone.

55. Upon information and belief, Defendant does not have policies and procedures to ensure compliance with the TCPA.

56. Upon information and belief, Defendant knew its text messages to non-customers such as Plaintiff were in violation of the TCPA, yet continued to employ them to promote its services, at the expense of Plaintiff and similarly situated consumers.

**WHEREFORE**, Plaintiff, on behalf of herself and the members of the Putative Class, requests the following relief:

- A. an order granting certification of the Putative Class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

- B. a judgment finding that Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii);

- C. an order enjoining Defendant from placing further violating text messages to Plaintiff and similarly situated consumers;

- D. an award of $500.00 in damages to Plaintiff and the members of the Putative Class for each such violation;

- E. an award of treble damages up to $1,500.00 to Plaintiff and the members of the Putative Class for each such violation; and

- F. an award of such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Date: January 27, 2021                                    Respectfully submitted,

**LISA PINEDA**

By: */s/ Mohammed O. Badwan*

Mohammed O. Badwan, Esq.
Victor T. Metroff, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8180
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com